# IN THE COURT OF APPEALS OF IOWA

———————

No. 24-1749
Filed April 29, 2026

———————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Dawn Marie Sheka,**
Defendant–Appellant.

———————

Appeal from the Iowa District Court for Marshall County,
The Honorable Kathryn E. Austin, Judge.

———————

**AFFIRMED**

———————

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

———————

Considered without oral argument
by Tabor, C.J., Langholz, J., and Doyle, S.J.
Opinion by Doyle, S.J.

**DOYLE, Senior Judge.**

A jury convicted Dawn Sheka of assault on a healthcare provider, a serious misdemeanor. She appeals that conviction by challenging the sufficiency of the evidence. Following our review, we affirm.

## I. Background Facts & Prior Proceedings

Sheka's conviction stems from her visit to a Marshalltown emergency room with her daughter. From the evidence presented at trial about that visit, a fact finder could find the following facts. Sheka and her daughter traveled to the emergency room so that both could be seen by a doctor. But when the doctor met them in the exam room, Sheka was not cooperative. It was unclear to the doctor what issues brought the mother and daughter to the hospital. Sheka's responses to the doctor's questions were "tangential and disorganized and not answering the questions."

The doctor was concerned about the mother's mental state and observed Sheka to be agitated, paranoid, and delusional. And she thought the daughter "was absolutely terrified." Concerned about the daughter's safety, the doctor told Sheka she could leave if desired but would not be allowed to take her daughter with her. Sheka then became "verbally and physically aggressive" with the doctor and tried to flee the hospital with her daughter.

The doctor tried to prevent Sheka from leaving with the child. She attempted to position herself in front of Sheka as Sheka went toward the exit with her daughter. There was first physical contact between Sheka and the doctor in the exam room when Sheka pushed her way out of the room. There was contact between them again in the hallway and finally in the vestibule at

the exit of the emergency room. In the vestibule, Sheka elbowed or shoved the doctor in the ribs back into a glass door panel.

The State charged Sheka with assault on a person in certain occupations causing bodily injury, in violation of Iowa Code sections 708.1 and 708.3A(3) (2023). The matter proceeded to trial, and the jury convicted Sheka of the lesser-included offense of assault on persons engaged in certain occupations.

Sheka appeals.

## II.     Discussion

We review Sheka's sufficiency-of-the-evidence challenge "for correction of errors at law." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (citation omitted). "[W]e are highly deferential to the jury's verdict." *Id.* And we are bound by that verdict so long as it is supported by substantial evidence. *Id.* "Substantial evidence, in turn, is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) (cleaned up). When reviewing the evidence, we view it "in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Crawford*, 972 N.W.2d at 202 (cleaned up). "It is not our place to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *Brimmer*, 983 N.W.2d at 256 (cleaned up).

Because Sheka did not object to the jury instructions, they are the law of the case for purposes of reviewing the sufficiency of the evidence. *See State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018). The marshaling

instruction addressed both the charged offense and the lesser-included offense for which Sheka was convicted. It stated:

> The State must prove all the following elements of Assault on a Person Engaged in Certain Occupations Causing Bodily Injury:
>
> 1. On or about the 6th of June, 2023, the defendant did an act which is intended to cause pain or injury to, OR which is intended to result in physical contact which will be insulting or offensive to another, OR act which was intended to place another person in fear of immediate physical contact which would be painful, injurious, insulting or offens[ive].
>
> 2. The Defendant had the apparent ability to execute the act.
>
> 3. The Defendant's act caused a bodily [injury][1] to [the doctor] as defined in Instruction No. 17A.
>
> 4. The victim, [the doctor] is a healthcare provider as defined in Instruction 17B.
>
> If the State has proved all of the elements, the defendant is guilty of Assault on a Person Engaged in Certain Occupations Causing Bodily Injury. If the State has proved only elements 1, 2 and 4, the defendant is guilty of Assault on a Person Engaged in Certain Occupations. If the State has proved only elements 1 and 2, the defendant is guilty of Assault. If the State has failed to prove either element 1 or 2, the defendant is not guilty.

Sheka only challenges the first element. She argues that any contact between her and the doctor was not intentional and was merely incidental as she tried to leave the hospital. A definitional instruction defined "specific intent" for the jury as meaning "not only being aware of doing an act and doing it voluntarily, but in addition, doing it with a specific purpose in mind." And that instruction provided this additional guidance,

> Because determining the defendant's specific intent requires you to decide what he was thinking when an act was done, it is seldom capable

---

[1] The word "injury" was added in and initialed by the district court judge to correct a scrivener's error.

of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not required to, conclude a person intends the natural results of his acts.

While we agree with Sheka that the evidence establishes she was trying to leave the hospital with her daughter, it also establishes that, at the same time, she had physical contact with the doctor that was intended to cause pain or injury to the doctor or to be insulting or offensive to the doctor. The doctor testified that Sheka pushed her multiple times while the doctor held her hands up in the air rather than just walking around her as Sheka exited the exam room and walked down the hallway. Security footage from the emergency room showed the same. And footage from the entrance of the emergency room showed some of the scuffle in the front vestibule. In that footage, Sheka is seen advancing toward the doctor who had her hands raised above her head. Then Sheka pushes the doctor up towards the vestibule's glass until the doctor is out of frame. That is when Sheka struck the doctor in the ribs with her forearm and elbow according to the doctor's testimony. Meanwhile there is another set of unobstructed doors right by her that Sheka could have used to exit the building. But she chose to shove, push, and elbow the doctor. So the physical contact between them was far from incidental and not the result of Sheka simply trying to exit the building as she contends.

From the doctor's testimony and the security camera footage of the confrontation in the vestibule, a jury could reasonably conclude that Sheka acted with the intent to cause pain or injury to the doctor, intended to have physical contact with the doctor that was insulting or offensive, or intended to place the doctor in fear of immediate physical contact that would be painful, injurious, insulting, or offensive. And we will not substitute our

judgment for that of the jury's. *See State v. Mathis*, 971 N.W.2d 514, 519 (Iowa 2022) ("Appellate review of the jury's verdict is not the trial redux.").

Sheka's conviction is supported by substantial evidence.

**AFFIRMED.**